<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4419**

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

JOHN POLHILL,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:15-cr-00012-REP-1)

Submitted:  March 7, 2017          Decided:  March 17, 2017

Before MOTZ, WYNN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Valencia D. Roberts, Assistant Federal Public Defenders, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Richard D. Cooke, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In accordance with a written plea agreement, John Polhill pled guilty to bank robbery and aiding and abetting bank robbery, 18 U.S.C. §§ 2113(a), 2 (2012) (Count One), and possession and discharge of a firearm in furtherance of a crime of violence and aiding and abetting the same, 18 U.S.C. §§ 924(c), 2 (2012) (Count Two). Six months after entering his plea, Polhill moved to withdraw it, claiming that bank robbery was not a crime of violence upon which a § 924(c) conviction could be predicated. The district court applied the six-factor test set forth in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991), and denied the motion. Polhill received an aggregate sentence of 207 months. He now appeals, claiming that the district court erred when it denied his motion to withdraw the guilty plea. We affirm.

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Nicholson, 676 F.3d 376, 383 (4th Cir. 2012). To withdraw a guilty plea before sentencing, a defendant must "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "The defendant bears the burden of demonstrating that withdrawal should be granted." United States v. Thompson-Riviere, 561 F.3d 345, 348 (4th Cir. 2009) (alteration and internal quotation marks omitted). Where the district court

2

substantially complied with the Rule 11 requirements, the defendant must overcome a strong presumption that his guilty plea is final and binding. United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

In deciding a motion to withdraw a guilty plea, the district court typically considers the following six factors:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion to withdraw the plea; (4) whether the defendant had the close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether [withdrawal] will inconvenience the court and waste judicial resources.

Moore, 931 F.2d at 248.

Of the six Moore factors, Polhill's brief addresses only the second. He argues that he is legally innocent of the firearm conviction because bank robbery cannot serve as a predicate crime of violence for a § 924(c) conviction. We recently held that a conviction under 18 U.S.C. § 2113(a) is a crime of violence under the force clause of § 924(c)(3). United States v. McNeal, 818 F.3d 141, 151-57 & n.8 (4th Cir. 2016). Thus, Polhill's bank robbery conviction qualified as a predicate crime of violence for his § 924(c) conviction.

We hold that the district court did not abuse its discretion in denying Polhill's motion to withdraw his guilty

3

plea.   We therefore affirm.   We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED